# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,

      Plaintiffs,

v.                                              Case No. 04-C-1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants,

## ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, who are Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 along with petitions to proceed in forma pauperis.[1] Plaintiffs subsequently filed an amended complaint on January 6, 2005. Currently pending are plaintiffs' motion for a preliminary injunction and temporary restraining order, motion to appoint counsel, motions for leave to proceed in forma pauperis, and motion for leave to file a second amended complaint. All of these motions will be addressed herein.

---

[1] Kevin C. Spinks was also named as a plaintiff in the original complaint. However, Spinks was terminated from this action on January 6, 2005, pursuant to his motion to withdraw from the case.

## I. MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Each plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. § 1915(b)(1); Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004).[2] If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiffs have filed certified copies of their prison trust account statements for the six-month period immediately preceding the filing of the complaint. Plaintiff Abdullah has been assessed and paid an initial partial filing fee of $10.53. Plaintiff Tate has been assessed and paid an initial partial filing fee of $44.13. Plaintiff Perez was assessed an initial partial filing fee of $18.90. On January 4, 2005, Perez paid the full $150.00 filing fee. However, the clerk's office erroneously refunded Perez $10.53. Therefore, at this time, Perez has paid $139.47 and he has a balance due for filing fees in the amount of $10.53. (See Docket, May 11, 2005 Financial Entry.)

The plaintiffs' motions for leave to proceed in forma pauperis will be granted.

---

[2] The original complaint was filed on December 10, 2004, before the February 7, 2005, civil filing increase to $250.00.

2

## II. MOTION FOR PRELIMINARY INJUNCTION
## AND TEMPORARY RESTRAINING ORDER

In the "Statement of Relief Sought" sections of both the original complaint and the amended complaint, plaintiffs seek a preliminary injunction and temporary restraining order. Plaintiffs request that the court order the defendants to stop enforcing certain Wisconsin Department of Corrections Internal Management Procedures relating to the exercise of religion. (See Original Compl., Part 1 at 88-89; Am. Compl., Part 1 at 87-88.)

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. Id. The court also must consider the effect of the injunction on nonparties. Id.

Plaintiffs have not established a basis for injunctive relief in this case. They have not presented arguments to show that they lack an adequate remedy at law. Moreover, there is no indication that they will suffer irreparable harm if injunctive relief is not granted. Accordingly, plaintiffs' motion for a preliminary injunction and temporary restraining order will be denied.

## III. MOTION TO APPOINT COUNSEL

Plaintiffs have moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court.

Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under §1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, plaintiff Abdullah has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiffs' filings indicate that they are capable of litigating this case themselves. Therefore, at this time, the court does not believe

4

that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiffs' request for appointment of counsel is denied.

## IV. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs have filed a motion for leave to file a second amended complaint. They seek to amend the complaint in order to strike a claim against certain defendants.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

Upon due consideration, plaintiffs' motion for leave to file a second amended complaint will be granted. They should file their second amended complaint within 30 days of the date of this order. An amended complaint supercedes a prior complaint, and therefore, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). The amended complaint becomes the operative complaint in this action. Id. at 1056.

Plaintiffs are advised that Federal Rule of Civil Procedure 8 requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of [the complaint] shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). Both the original and amended complaints exceeded

5

90 pages and also referred to hundreds of pages of supporting materials. Although the general rule is that district courts cannot dismiss complaints merely because of the presence of superfluous matter, there are exceptions to that rule. See Davis v. Ruby Foods, Inc., 269 F.3d 818, 820-21 (7th Cir. 2001). To the greatest extent possible, plaintiffs should keep in mind Rule 8 when drafting the second amended complaint. Once filed, the second amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion for preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (Docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Abdullah's motion for leave to proceed in forma pauperis (Docket #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Perez's motion for leave to proceed in forma pauperis (Docket #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Tate's motion for leave to proceed in forma pauperis (Docket #14) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file second amended complaint (Docket #27) is **GRANTED**. Plaintiffs shall file a second amended complaint, in

6

compliance with the Federal Rule of Civil Procedure 8, as described herein, within 30 days of the date of this order.

Dated at Milwaukee, Wisconsin, this 20 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge