# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RAHMAN S. ABDULLAH,**
**JUAN M. PEREZ, and**
**SEAN TATE,**

        **Plaintiffs,**

**v.**                                   **Case No. 04-C-1181**

**WISCONSIN DEPARTMENT OF**
**CORRECTIONS, et al.,**

        **Defendants,**

---

## MEMORANDUM AND ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs subsequently filed an amended complaint on January 6, 2005. By order of May 20, 2005, plaintiffs were granted leave to file a second amended complaint. The second amended complaint (hereinafter referred to as the "complaint") was then filed on June 21, 2005, and is the operative complaint in this action.

By order of November 2, 2005, I screened plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted the plaintiff's petition for leave to proceed in forma pauperis in connection with their claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc. However, I dismissed defendant Wisconsin Department of Corrections ("WDOC") from the action and dismissed the "plaintiffs' claims for monetary relief under 42 U.S.C. §1983 against defendants Office and Bureau Directors 1-10, Fred Risser, Judith Robson and

Religious Steering Committee Members." (Docket #39 at 14.) Presently before me is plaintiffs' "Motion to Alter or Amend Judgment Pursuant to F.R.C.P. Rule 59(e)."

Plaintiffs bring the instant motion for reconsideration under Rule 59(e), Federal Rules of Civil Procedure, which relates to altering or amending judgments. No judgment was entered in this case. Plaintiffs' motion is more properly one for reconsideration under Federal Rule of Civil Procedure 54(b), which allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987); compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Plaintiffs find fault with my decision to dismiss defendants WDOC and Religious Practices Steering Committee Members from the action. The November 2, 2005, order dismissed defendant WDOC from the action on the ground that "[s]tate agencies, including the WDOC are not 'persons' or suable entities under §1983." (Docket #39 at 6.) Plaintiffs argue that they should be allowed to pursue their RLUIPA claims against the WDOC because RLUIPA created a private right of action against states and state agencies. Plaintiffs point to no case law or other legal authority to support their contention. Though injunctive relief may be obtained from a state official in his official capacity under the

2

doctrine of Ex Parte Young, 209 U.S. 123 (1908), suits against states and their agencies are prohibited by the Eleventh Amendment. See Holton v. Ind. Horse Racing Comm'n, 398 F.3d 928, 929 (7th Cir. 2005), Kashani v. Purdue Univ., 813 F.2d 843, 845 (7th Cir. 1987), cert. denied, 484 U.S. 846 (1987). Thus, I decline to reconsider my decision to dismiss the WDOC from this action.

Plaintiffs also find fault with my conclusion that the complaint did not contain any allegations against the Religious Practices Steering Committee Members to establish their individual liability for monetary relief under §1983. Specifically, they argue that the following three paragraphs of their complaint establish that the complaint did indeed contain allegations against the Religious Practices Steering Committee Members:

> #220 Plaintiff Tate Asserts that defendants Beyah, Religious Practice Steering Committee Members 1-10, and John and Jane Doe's 1-10 denied him and other Sunni Muslims a Religious diet in accordance with their faith when they implemented with reckless disregard to Plaintiffs' Rights, DOC 309 IMP 6B.

> #291 Plaintiffs, Abdullah and Tate assert on information and Belief that limiting Sunni Muslims to a non-pork/vegetarian diet was done at the Behest of defendant Beyah acting in concert with and [sic] Religious Practicies Steering Committee and John and Jane Doe's 1-10 when they Implemented DOC 309 IMP 6B governing Religious diets.

> #495 Defendants Litscher, O'Donnell, Casperson, Verhagen Wood, Religious, [sic] and John and Jane Doe's 1-20 under color of state law did knowingly, willfully, Intentionally, and maliciously deprived [sic] plaintiffs Abdullah, Perez, and Tate of their civil/constitutional and equal Protection of the laws under the 1st Amendment of the U.S. Constitution and the RLUIPA of 2000, when they Implemented DOC 309 IMP's 6, 6A and 6B, Thereby dening [sic] plaintiffs Religious Practices/Property in Absence of penological interest, and Equal Protection of the law.

The problem with plaintiffs' argument is that the allegations they point to do not constitute allegations of personal involvement which is required to establish individual liability

3

under §1983. In order to state a claim for individual liability under §1983 against a party, plaintiffs must allege some personal participation or involvement by that party in the alleged constitutional violation. See Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985). The allegations identified by plaintiffs that the defendants implemented a prison regulation which violated their rights alleges a violation of §1983 based upon an official policy or custom of the defendant Religious Practices Steering Committee Members. A claim for relief on this basis constitutes a claim against the defendants in their official capacity. Indeed, the complaint states that the Religious Practices Steering Committee Members are sued in their individual and official capacities. (Compl. at 4.)

My determination in the November 2, 2005, order that the complaint failed "to contain any allegations against . . . Religious Steering Committee Members . . ." pertained to plaintiffs' claims for monetary relief against these defendants in their individual capacity. In my opinion, nothing in the plaintiffs' motion for reconsideration contradicts my conclusion that the complaint did not state a claim for individual liability under §1983 against the Religious Practices Steering Committee Members.

However, I find that the order of November 2, 2005, did not explicitly state that the dismissal of the claims for monetary relief against defendants Religious Practices Steering Committee Members, Office and Bureau Directors 1-10, Fred Risser, and Judith Robson was limited to the individual capacity claims against them. I did not intend to dismiss the claims for monetary relief against those defendants in their official capacity. Thus, I will grant plaintiffs' motion for reconsideration to the extent that I will modify the mandate in the November 2, 2005, order to explicitly state that the dismissal of the monetary claims against defendants Office and Bureau Directors 1-10, Fred Risser, Judith Robson and Religious

4

Practices Steering Committee Members, relates only to the individual capacity claims against those defendants.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiffs' motion to alter or amend the judgment (Docket #41) is **GRANTED** to the extent that the portion of the mandate of the November 2, 2005, order which reads "**IT IS FURTHER ORDERED** that the plaintiffs' claims for monetary relief under 42 U.S.C. § 1983 against defendants Office and Bureau Directors 1-10, Fred Risser, Judith Robson and Religious Steering Committee Members are **DISMISSED**" is amended to read "**IT IS FURTHER ORDERED** that the plaintiffs' claims for monetary relief against defendants Office and Bureau Directors 1-10, Fred Risser, Judith Robson and Religious Practices Steering Committee Members in their individual capacity are **DISMISSED**."

**IT IS FURTHER ORDERED** that in all other respects, the plaintiffs' motion to alter or amend the judgment (Docket #41) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge