# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,

      Plaintiffs,

v.                                                    Case No. 04-C-1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants,

---

## MEMORANDUM AND ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiffs subsequently filed an amended complaint on January 6, 2005.  By order of May 20, 2005, plaintiffs were granted leave to file a second amended complaint.  The second amended complaint (hereinafter referred to as the "complaint") was then filed on June 21, 2005, and is the operative complaint in this action.

By order of November 2, 2005, the court screened the plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted their petitions for leave to proceed in forma pauperis in connection with their claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc.  The court entered a scheduling order on January 19, 2006, pursuant to which all discovery was to be completed by April 20, 2006, and all dispositive motions were to be filed on or before June 20, 2006.  By order of June 7, 2006, the court granted the plaintiffs' second motion to

amend the scheduling order and their motion for an extension of time to effect service upon unnamed defendants.[1]  Pursuant to that order, service of the summons and complaint must be made upon the unnamed defendants on or before July 6, 2006, discovery is to be completed on or before July 20, 2006, and dispositive motions are to be filed on or before August 18, 2006.

Defendants and plaintiff Tate have filed motions seeking an extension of time. Defendants' motion asks the court "for an extension of time until July 20, 2006, to complete responses to plaintiffs' requests for admissions."  (Defs.' June 16, 2006, Mot. for Ext. of Time at 1.)  Defendants contend that they are unable to prepare responses to plaintiffs' 344 admission requests by the June 22, 2006, deadline because of the large number of such requests and due to the heavy case load of their attorney.

Plaintiff Tate seeks "an extension of time in this matter" for the following reasons: (1) he and plaintiff Abdullah have been separated and moved to different institutions; (2) his typewriter has been taken and he won't have access to it for at least eight weeks; (3) the law library at the Kettle Moraine Correctional Institution (KMCI), where he has been transferred, has only four typewriters and they are constantly in use; (4) he is handicapped and unable to hand write his legal documents; (5) he has no money because all of his funds were used to pay the shipping costs of his belongings including his legal papers, discovery materials, transcripts and other documents relevant to this case; and (6) all of his briefs and motions were erased from his computer when he was transferred.  Although plaintiff Tate asks for an extension of time, he does not specify which deadlines he would like the court to extend

---

[1]The first motion to amend these deadlines was granted by the court in an order dated April 6, 2006.

2

nor does he specify the length of the requested extension. In the absence of such information, the court will assume that plaintiff Tate's motion relates to the deadlines for completing discovery and filing dispositive motions. Further, plaintiff Tate asks the court to order that a copy of his motion be sent to opposing counsel because he did not have funds to make the copy.

In view of the fact that both parties are seeking to be relieved from the existing deadlines in this case, the court will grant both motions for an extension of time. However, the parties are advised that the court is not likely to grant any further extensions. Therefore, the defendants' deadline to complete responses to plaintiffs' requests for admissions will be extended to July 20, 2006. In addition, the discovery deadline will be extended to August 3, 2006, and the deadline for the filing of dispositive motions will be extended to September 1, 2006.

As a final matter, the court notes that plaintiff has asked the court to send a copy of his motion to defendants because he did "not have the funds to make a copy." (Pl.'s June 22, 2006, Mot. for Extension of Time at 3.) While the court will grant plaintiff's request this time, he is reminded that it is his obligation, not the court's, to comply with the requirement that the defendants be served with his motion pursuant to Rule 5(a), Federal Rules of Civil Procedure and Civil Local Rule 7.1(d). In the future, if plaintiff does not have access to the use of a photocopy machine he should send out identical handwritten or typed copies of any documents.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion for extension of time (Docket #86) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' deadline to complete responses to plaintiffs' requests for admissions will be extended to July 20, 2006.

**IT IS FURTHER ORDERED** that plaintiff Tate's motion for an extension of time (Docket #89) is **GRANTED.**

**IT IS FURTHER ORDERED** that the discovery deadline is extended to August 3, 2006, and the deadline for the filing of dispositive motions is extended to September 1, 2006.

**IT IS FURTHER ORDERED** that a copy of plaintiff's motion for an extension of time (Docket #89) will be sent to the defendants for their records.

Dated at Milwaukee, Wisconsin, this 27 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

4