# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,
    Plaintiffs,

v.                                          Case No. 04C1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.

## MEMORANDUM AND ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs subsequently filed an amended complaint on January 6, 2005. By order of May 20, 2005, plaintiffs were granted leave to file a second amended complaint. The second amended complaint (hereinafter referred to as the "complaint") was then filed on June 21, 2005, and is the operative complaint in this action. (Docket #32.)

By order of November 2, 2005, the court screened the plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted their petitions for leave to proceed in forma pauperis in connection with their claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc.

Both the original complaint and the second amended complaint include claims against a number of unnamed defendants: John Doe 1-10, Jane Doe 1-10, Religious Practice Steering Committee Members 1-10 and Office and Bureau Directors 1-10. (Docket #32.) Pursuant to Rule 4(m), Federal Rules of Civil Procedure, service must be made upon a

defendant within 120 days after filing of the complaint. If a plaintiff does not effect service within this time period, Rule 4(m) provides that

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The record reveals that plaintiffs have not effected service on the unnamed defendants within the requisite time period. Moreover, plaintiffs were given three extensions to effect service, the latest of which expired on August 6, 2006, but have not done so.[1]

Civil Local Rule 41.1 (E.D. Wis.) provides:

> When the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), then on 20 days' notice to the attorney of record for the plaintiff, or the plaintiff if pro se, an order will be entered dismissing the action without prejudice.

The plaintiff is hereby put on notice that unless service of process is effected upon the defendants within 20 days after receipt of this order, the action will be dismissed, without prejudice.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that unless service of process is effected upon the defendants within 20 days after receipt of this order, the action will be dismissed, without prejudice, pursuant to Civil Local Rule 41.1 (E.D. Wis.)

---

[1] The court extended the 120-day period to effect service by orders of April 4, 2006, June 7, 2006 and August 1, 2006.

2

Dated at Milwaukee, Wisconsin, this 18 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge