# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,
          **Plaintiffs,**

v.                                    **Case No. 04C1181**

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
          **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs subsequently filed an amended complaint on January 6, 2005. By order of May 20, 2005, plaintiffs were granted leave to file a second amended complaint. The second amended complaint (hereinafter referred to as the "complaint") was then filed on June 21, 2005, and is the operative complaint in this action. (Docket #32.)

By order of November 2, 2005, the court screened plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted their petitions for leave to proceed in forma pauperis in connection with their claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc. Presently before the court is a Motion to Compel Discovery and Answer to Interrogatories filed by all of the plaintiffs and a Motion for Order to Grant Legal Loan filed by plaintiff Rahman Abdullah. Both of these motions will be discussed herein.

## I.  MOTION TO COMPEL DISCOVERY AND ANSWER TO INTERROGATORIES

On July 24, 2006, plaintiffs filed a "Motion to Compel Discovery and to Answer Interrogatories."  Court records indicate that plaintiffs mailed copies of the motion and supporting brief to defendants on July 19, 2006.  To date, defendants have not filed a response to this motion and the time for doing so has expired.  See Civ. L.R. 7.1(b).

Parties are expected to comply with the procedures and dates specified in the local rules without involvement of the court.  Nevertheless, the court will allow defendants an additional 10 days to serve and file their response to plaintiffs' motion to compel. Defendants are hereby advised that, if they fail to file any response to plaintiffs' motion within this time period, the court will treat the motion as unopposed.

## II.  MOTION FOR ORDER TO GRANT LEGAL LOAN

Plaintiff Abdullah asks the court to order Pam Wallace, the Warden of the Stanley Correctional Institution, to grant him a legal loan pursuant to Wis. Admin. Code §DOC 309.51(1).  Apparently, Warden Wallace denied plaintiff's request for a legal loan on the ground that he has enough funds in his prison account to support his legal needs.  Pl's Mot. to Compel, ¶3(a) and Ex. C.

Although not delineated as such, plaintiff Abdullah's motion is actually one seeking a preliminary injunction enjoining Warden Wallace from denying him a legal loan.  An applicant for a preliminary injunction has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied.  Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If petitioner satisfies the initial three-step burden, the court must balance the irreparable

2

harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. Id. The court also must consider the effect of the injunction on non-parties. Id.

Here, plaintiff Abdullah has failed to satisfy his initial burden for injunctive relief. His motion seeks relief against a person who is not a party to this action and involves claims not related to those that form the basis of the instant lawsuit. These unrelated claims are not properly raised on a motion for a preliminary injunction but should be advanced in a separate action. See Williams v. Nelson, 2005 WL 755770 (W.D. Wis. 2005).

Furthermore, the plaintiff has failed to show that he has a reasonable likelihood of succeeding on the merits of his claim that he is constitutionally entitled to a legal loan. The Wisconsin Department of Corrections legal loan provision provides:

> DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

The state of Wisconsin is under no constitutional obligation to provide petitioner with any assistance in pursuing his civil litigation. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th

3

Cir. 2003).  There is "no constitutional entitlement to subsidy" to prosecute civil lawsuits.

Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002).  Moreover, prison officials are free to

place restrictions on the receipt of funds as they wish.  See Kaufman v. Frank, No. 06-C-

205, 2006 WL 1982692 (W.D. Wis. July 13, 2006.)  As the Court of Appeals for the Seventh

Circuit has advised, the provision of legal loans pursuant to Wis. Admin. Code §DOC

309.51(1) "is a matter strictly between [a prisoner] and Wisconsin, and not any business of

the federal courts."  Lindell, 352 F.3d at 1111.

     Based on the foregoing case law, plaintiff Abdullah's "Motion for Order to Grant Legal

Loan" will be denied.

     For the foregoing reasons,

     **IT IS ORDERED** that defendants shall serve and file a response to  plaintiffs' motion

to compel within 10 days of this order.  If defendants fail to file a response within this time

period, the court will treat plaintiffs' motion as unopposed.

     **IT IS FURTHER ORDERED** that plaintiff Abdullah's "Motion for Order to Grant Legal

Loan is **DENIED**.

     Dated at Milwaukee, Wisconsin, this 21 day of August, 2006.


/s_____
LYNN ADELMAN
District Judge

4