UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,
        Plaintiffs,

v.                                                                               Case No. 04C1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
        Defendants,

## MEMORANDUM AND ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs subsequently filed an amended complaint on January 6, 2005. By order of May 20, 2005, plaintiffs were granted leave to file a second amended complaint. The second amended complaint (hereinafter the "complaint") was filed on June 21, 2005, and is the operative complaint in this action.

By order of November 2, 2005, the court screened plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted their petitions for leave to proceed in forma pauperis in connection with their claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc. Presently before the court are the following motions, all of which have been filed by the plaintiffs: (1) Motion to Compel Discovery and Answer Interrogatories (Docket # 94); (2) Motion to Stay Decision on Dismissing Unserved Defendants (Docket #110); (3) Motion to

Dismiss Unnamed Defendants (Docket #111); and (4) Motion to Enlarge/Exceed Page Limitation (#113).

## I. Motion to Stay and Motion to Dismiss

Both the original complaint and the second amended complaint include claims against a number of unnamed defendants: John Doe 1-10, Jane Doe 1-10, Religious Practice Steering Committee Members 1-10 and Office and Bureau Directors 1-10. To date, the plaintiffs have not effected service on these unnamed defendants and the time for doing so has expired. See Fed. R. Civ. Pro. 4(m). By order of August 18, 2006, the court advised the plaintiffs that the action against those unnamed defendants would be dismissed, without prejudice, unless service of process was accomplished within 20 days after receipt of that order.

On September 1, 2006, plaintiffs filed a "Motion to Stay Decision on Dismissing Unserved Defendants." Four days later, on September 5, 2006, plaintiffs filed a "Motion to Dismiss Unnamed Defendants" in which they seek dismissal of the unnamed defendants on the following grounds: (1) they have yet to be provided with the names of the unnamed defendants because the named defendants have not complied with their discovery requests; (2) there is no need to pursue any claims against the unnamed defendants because they have been allowed to proceed against other defendants who are equally responsible for the alleged violations; and (3) dismissal of the unnamed defendants would prevent further delay of this action. No opposition has been filed with respect to the motion to dismiss the unnamed defendants.

In view of plaintiffs' motion and the fact that plaintiffs have failed to effect service on the unnamed defendants within the requisite time period, the court believes that dismissal of the unnamed defendants, without prejudice, is warranted in this case. Because the court will grant plaintiffs' motion to dismiss unnamed defendants, it will deny plaintiffs' earlier filed "Motion to Stay Decision on Dismissing Unserved Defendants."

## II. Motion to Compel

On July 24, 2006, plaintiffs filed a motion to compel discovery seeking an order requiring defendants to (1) produce a copy of the documents requested on January 24, 2006, pursuant to plaintiffs' first "Request for Production of Documents"[1]; and (2) answer the "20 separate individual requests for interrogatories" propounded to each of the defendants. (Pls.' Mot. to Compel at 1.) After the deadline for responding to the motion to compel was extended by the court, defendants filed a response to the motion on August 31, 2006. To date, plaintiffs have not filed a reply to defendants' response as permitted under Civil Local Rule 7.1(b). Instead, plaintiffs filed a motion for summary judgment, supporting brief and evidence in which they contend that there is no genuine issue of material fact and they are entitled to judgment as a matter of law as to all of their claims.[2]

---

[1] Plaintiffs state that the first request for production of documents was made on January 24, 2006. However, their own exhibits reveal that such request was actually made on February 28, 2006. See Plaintiff's Declaration in Support of Motion to Compel Discovery and Answer to Interrogatories at Ex. 1.

[2] Plaintiffs motion for summary judgment and supporting materials were dated August 28, 2006, at which time the deadline for filing dispositive motions was September 1, 2006. On August 30, 2006, the court granted defendants' motion seeking an extension of the deadline for filing dispositive motions to October 16, 2006. Plaintiffs had opposed the requested extension despite the fact that their motion to compel discovery had not been fully briefed or resolved by the court.

3

Under Fed. R. Civ. Pro. 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See Fed. R. Civ. P. 37(a)(2) & (3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1). Despite the liberal breath of discovery permitted under the federal rules, the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. United States v. Farley, 11 F.3d 1385, 1390 (7th Cir. 1993); West v. Miller, No. 05C4977, 2006 WL 2349988, at *2 (N.D. Ill Aug. 11, 2006).

Although Fed. R. Civ. P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. See Civ. L. R. 37.1 (E.D. Wis.). If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Id. If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

4

The record reveals that between January 24, 2006 and March 10, 2006, plaintiffs sent 23 individual requests for interrogatories upon 21 of the named defendants.[3] (Pls.' Decl. at ¶¶2-9 Exs.1-24.) On February 28, 2006, plaintiffs submitted their first request for production of documents on the defendants which included 97 requests for documents, excluding the use of subparts. (Pls.' Decl. at ¶2, Ex.1.)

The defendants served a written response to plaintiffs first request for production of documents on May 15, 2006, in which they objected to each request on a number of grounds including that the requests were unduly burdensome, over broad, and sought irrelevant and confidential information. (Pls.' Decl. at ¶10, Ex. 25.) Three defendants, Petras, Boatwright and Hautamaki provided written responses to the interrogatories but the remaining 20 sets of interrogatories were objected to on the ground that "[i]n combination, the interrogatories served by the plaintiffs upon defendants Petras and Boatwright, and responded to, have exceeded the 25 permitted interrogatories under Civil L.R. 33.1." (Pls.' Decl. at ¶12 Exs. 29-48.)

On May 15, 2006, plaintiffs wrote a letter to defendants' counsel asking to "submit a reduced version for documents, and requested the 20 defendants answer the standing 20 individual interrogatories." (Pls.' Decl. at ¶15.) The defendants did not respond to plaintiffs' letter. (Pls.' Decl. at ¶16.) Plaintiffs sent a follow-up letter requesting that the parties come to an agreement or stipulation regarding the discovery dispute. (Pls.' Decl. at ¶17.) Again, the plaintiffs received no response. (Pls.' Decl. at ¶17.)

---

[3] Defendants Noland and Ray each received two separate sets of interrogatories: one from plaintiff Abdullah and one from plaintiff Perez. (Pls.' Decl. at ¶¶8-9, Exs. 9,10, 21 and 22.)

5

Based on the above, I find that the parties are unable to resolve their differences after personal consultation and that court intervention is therefore appropriate.

Initially, defendants argue that denial of plaintiffs motion to compel is warranted because plaintiffs did not serve them with a copy of the 50 exhibits attached to the plaintiffs' declaration. Defendants argue that the intentional omission of the exhibits violates the court's order of November 2, 2005, and Rule 5(a), Federal Rules of Civil Procedure, both of which require plaintiffs to send a copy of every paper or document filed with the court to the opposing parties' attorney.[4]

While plaintiffs' failure to serve defendants with the exhibits referenced in the declaration constitutes a violation of the court's order of November 2, 2005, and Fed. R. Civ. Pro. 5(a), , defendants were not prejudiced by this omission. This is so because all of the documents referred to in the declaration should already be in defendants' possession since they are the plaintiffs' discovery requests, defendants' responses thereto and plaintiffs' letters to the defendants. Thus, plaintiffs' technical procedural violation, without more, does not justify an outright denial of the motion to compel.

**A. Interrogatories**

As stated previously, plaintiffs seek an order compelling defendants to "respond to the 20 separate individual requests for interrogatories propounded to the defendants each." (Motion to Compel at 1.) They argue that defendants' objection that the interrogatories

---

[4] That the omission was intentional is evidenced by the fact that plaintiffs stated in the certificate of service accompanying the declaration that the attached exhibits were "excluded."

6

exceeded the limitations of permissible interrogatories under Local Rule 33.1 amounted to a failure to answer under Rule 37(a)(3), Federal Rules of Civil Procedure.

Under Rule 33(a), Federal Rules of Civil procedure, "any party may serve on any other party written interrogatories, not exceeding 25 in number . . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Further, Civil Local Rule 33.1(d) provides that "[t]he Court will not compel a party to answer any interrogatories served in violation of this rule." Here, it is undisputed that plaintiffs did not seek leave of court to file interrogatories in excess of 25, and defendants properly answered only the first 25. Thus, the court will not compel defendants to answer the remaining interrogatories.

**b. Requests for Production of Documents**

On February 28, 2006, plaintiff's served his first request for production of documents which consisted of interrogatories as well as in excess of 90 actual requests for documents, exclusive of subparts. Defendants objected to each of the requests for documents on a variety of grounds including that plaintiffs' requests for documents were unduly burdensome and unreasonable. Defendants argue that the plaintiffs have made no effort to limit their document requests to information that is relevant and essential to their claims.

The defendants' point is well-illustrated by plaintiffs' requests numbers 27 and 28 which ask for the following:

> 27. A complete copy of any and all documents that show the institutional complaints filed by inmates, showing the denial of religious practices/property by the WDOC/DAI [Wisconsin Department of Corrections/Division of Adult Institutions] from the year 1995 through 2006.

7

> 28. A complete copy of any and all inmate complaints regarding violation of inmates' civil/constitutional rights by WDOC/DAI and its employees from the year 1992 through 2006, including, but not limited to:
>
>> a) Any decisions made;
>> b) Any recommendations made;

(Pls.' Decl. Ex.1 at ¶¶27-28.)

The court agrees with defendants' contention that it would be unduly burdensome to produce inmate complaint records for the more than 20,000 inmates in the DOC's custody over the lengthy time periods at issue. In addition, to the extent that the requests seek information about constitutional violations other than those regarding religious issues, the requests seek irrelevant information.

While the court finds many of plaintiffs' requests to be burdensome, unreasonable and irrelevant, it will not deny the motion to compel on those grounds. Rather, the court will deny plaintiffs' motion to compel because it appears that plaintiffs no longer need or desire the requested documents to prove their claims. As noted earlier, instead of filing a reply to defendants' opposition to the motion to compel, plaintiffs filed a motion for summary judgment, a supporting brief and 113 proposed findings of fact which cited to evidentiary materials in the record as required under Civil Local Rule 56.2(a). In so doing, plaintiffs have signaled the court that they are ready for a ruling on the merits of their claims – in the absence of the information sought in the motion to compel. Furthermore, plaintiffs have not asked the court to postpone briefing or a decision on the merits of the motion pending resolution of the motion to compel. As a result, plaintiffs' motion to compel will be denied.

### III. Motion to Enlarge/Exceed Page Limitation

Plaintiffs have filed a motion to permit them to file a 47-page brief which exceeds the 30-page limit set forth in Civil Local Rule 7.1. According to plaintiffs, the extra pages are needed "to allow them to adequately present their issues and arguments to the court for determination on the claims raised in their complaint, which consisted of 8 causes of action against the defendants." (Mot. to Enlarge at ¶3.) To date, defendants have not filed any opposition to the motion and the time for doing so has expired. See Civil Local Rule 7.1(b) (opposing party must serve a response brief within 21 days of service).

In view of plaintiffs' pro se status and the number of claims and parties in this case, the court will grant plaintiffs' motion to file a brief in excess of the page limitation set forth in Civil Local Rule 7.1.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' "Motion to Dismiss Unnamed Defendants" (Docket #111) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants John Doe 1-10, Jane Doe 1-10, Religious Practice Steering Committee Members 1-10 and Office and Bureau Directors 1-10 are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' "Motion to Stay Decision on Dismissing Unserved Defendants" (Docket #110) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' "Motion to Compel Discovery and Answer Interrogatories" (Docket # 94) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' "Motion to Enlarge/Exceed Page Limitation" (#113) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge

O:\CASES\Civil\04c1181\Motion to Compel.wpd 10

Case 2:04-cv-01181-LA   Filed 10/02/06   Page 10 of 10   Document 119