# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUAN PEREZ, and
RAHMAN S. ABDULLAH,
      Plaintiffs,

v.                                               Case No. 04C1062

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
      Defendants.

---

RAHMAN S. ABDULLAH,
JUAN M. PEREZ, and
SEAN TATE,
      Plaintiffs,

v.                                               Case No. 04C1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
      Defendants.

---

## MEMORANDUM AND ORDER

Both of the above-captioned actions were brought by plaintiffs, Wisconsin state prisoners, pursuant to 42 U.S.C. § 1983 to redress alleged constitutional violations committed by the named defendants. Presently before the court is defendants' motion to consolidate these two cases. In addition, the defendants in Case Number 04-C-1181 have filed a motion seeking an extension of time to respond to plaintiffs' motion for summary judgment "to the date set for dispositive motions in Case No. 04-C-1062." Both of these motions will be addressed in this decision.

## I. MOTION TO CONSOLIDATE

The Federal Rules of Civil Procedure provide that a court may consolidate actions pending before it that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is permitted as a matter of convenience and judicial economy, and the court is given broad discretion to determine whether consolidation is appropriate. Fleishman v. Prudential-Bache Securities, Inc., 103 F.R.D. 623, 624 (E.D. Wis. 1984); Kendzierski v. Corey, Civ. Nos. H 85-436, H 85-268, 1985 WL 5176, at *1 (N.D. Ind. June 28, 1985) (citing 9 Charles Alan Wright § Arthur R. Miller, Federal Practice and Procedure § 2383). The fact that a common question of law exists does not, however, justify consolidation in the absence of other factors which would promote trial convenience and economy in administration. Lyons v. Andersen, 123 F. Supp. 2d 485, 487 (N.D. Iowa 2000) (citing Prudential Ins. Co. of America v. Marine Nat'l Exchange Bank, 55 F.R.D. 436 (E.D. Wis. 1972)). Moreover, consolidation is not warranted when the cases are in different phases of pretrial procedures. Lyons, 123 F. Supp. 2d at 487 (citing Schacht v. Javits, 53 F.R.D. 321 (S.D.N.Y. 1971)). The party seeking consolidation has the burden of establishing that consolidation is appropriate. See Fleishman, 103 F.R.D. at 624. Defendants argue that consolidation of the above-captioned cases would promote "judicial time and resources" because these cases involve common questions of law and fact, "both cases were filed within the same time period" and the motion is made at "an early stage of litigation in Case No. 04-C-1062." (State Defendants' Motion to Consolidate at 2-3.) Plaintiffs oppose the motion on the ground that the two cases involve different facts, claims and parties, and because the cases are at different stages of preparedness.

While defendants assert that the cases in question involve common questions of law and fact, they fail to identify the common issues. Both of the actions were filed by plaintiffs, practicing Sunni Muslims, against various prison officials under 42 U.S.C. § 1983. However, there are significant differences between the two cases. First of all, the cases involve different groups of plaintiffs and defendants. Specifically, in Case No. 04-C-1062, plaintiffs Juan Perez and Rahman Abdullah are proceeding against 15 defendants.[1] On the other hand, Case No. 04-C-1181 involves three defendants – Juan Perez, Rahman Abdullah and Sean Tate – and twenty-eight defendants.[2] Of these twenty eight, only ten were also named in Case No. 04-C-1062.

In addition, the cases involve a number of different claims. In Case No. 04-C-1181 (which was filed second but screened first under 28 U.S.C. § 1915A), the plaintiffs are proceeding on claims under the free exercise clause of the First Amendment, the equal protection clause of the Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. Similar claims have

---

[1] The defendants in Case No. 04-C-1062 are Matthew Frank, Steve Casperson, Cindy O'Donnell, Richard Raemisch, John Ray, Sandy Hautamaki, Ana Boatwright, Jeffrey Endicott, Suzanne Dehaan, Sally Wess, Kristine Timm, Thomas Gozinske, Leo Campbell, Ronald Beyah and Sergeant Falke. Two other defendants, the Wisconsin Department of Corrections and Catherine Farrey were dismissed by order of September 27, 2006.

[2] The defendants in Case No. 04-C-1181 are Matthew Frank, John Litscher, Cindy O'Donnell, Richard Raemisch, Steve Casperson, Dick Verhagen, John Ray, Sandy Hautamaki, Laura Wood, Ana Boatwright, Phil Kingston, Daniel Bertrand, Jeffrey Endicott, Daniel Benik, Greg Grams, Phillip Noland, Amy Fischer, Wendy Bruns, Sally Wess, Mardell Petras, Gene Dawson, Larry Jackson, Larry Heitke, Michael Donovan, Ronald Beyah, Kathy Limmons, Judy Robson and Fred Risser. Other defendants were named in the amended complaint but were subsequently dismissed including, the Wisconsin Department of Corrections Religious Practices Steering Committee Members 1-10, John Doe 1-10, Jane Doe 1-10 and Office of Bureau Directors Members 1-10.

3

been advanced in Case No. 04-C-1062 but that case also involves a number of other claims which are not at issue in Case No. 04-C-1181, such as a First Amendment establishment clause claim and retaliation, conspiracy, access to courts, failure to train, failure to intervene and state law claims.

Finally, consolidation of these two cases would not be proper because the cases are at vastly different stages of pretrial proceedings. The screening order in Case No. 04-C-1062 was just issued on September 27, 2006, and this case is only in the beginning stages of pretrial proceedings. To date, no scheduling order setting discovery and dispositive motions has been entered in that case. On the other hand, the screening order in Case No. 04-C-1181 was issued almost one year ago on November 2, 2005, discovery has already been completed and the parties are in the process of briefing dispositive motions.[3] Thus, consolidation of these two cases would significantly delay the just adjudication of the claims in Case No. 04-C-1181.

Accordingly, the motion to consolidate the above-captioned cases will be denied.

## II. MOTION FOR EXTENSION OF TIME

Defendants have also filed a motion asking the court to "extend the time for defendants to file their response to plaintiff's motion for summary judgment in Case No. 04-C-1181 to the date set for dispositive motions in Case No. 04-C-1062." Although the deadline for filing dispositive motions in Case No. 04-C-1181 was October 16, 2006, the plaintiffs in that case filed a motion for summary judgment on September 1, 2006. Pursuant to Civil Local Rule 7.1(c), defendants' response to that motion was to be served within 30

---

[3] A motion for summary judgment was filed by plaintiffs on September 1, 2006.

4

days. To date, defendants have not filed a response to plaintiffs' motion for summary judgment nor have they filed their own motion for summary judgment. As discussed above, defendants' request to consolidate the above-captioned cases will be denied. Thus, defendants' related request to extend the deadline to respond to plaintiffs' motion for summary judgment in Case No. 04-C-1181 to the deadline for filing dispositive motions in Case No. 04-C-1062 will also be denied. Such an extension would unduly delay resolution of the issues in Case No. 04-C-1062.

Nevertheless, it appears that defendants may have withheld filing a motion for summary judgment in Case No. 04-C-1181 in the hopes that they would prevail on their motions for consolidation and for an extension (which were filed before the expiration of the dispositive motion deadline). The court believes that a short extension of the dispositive motion deadline would promote the interests of justice. Therefore, if defendants wish to file a response to plaintiffs' motion for summary judgment or their own motion for summary judgment, they must do so within 14 days of the date of this decision and order. The plaintiffs' reply or response, whichever the case may be, must be filed within the time limits set under Civil Local Rule 7.1(c).[4]

**For the foregoing reasons,**

---

[4] Civil Local Rule 7.1(c) provides:
On motions for summary judgment, the opposing party must serve an answering brief and affidavits or other documents, within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

**IT IS THEREFORE ORDERED** that defendants' motion to consolidate, (filed as Docket #123 in 04C1181 and as Docket # 41 in 04C1062) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for an extension of time to respond to plaintiffs' motion for summary judgment (filed as Docket #123 in 04C1181 and as Docket # 41 in 04C1062) is **DENIED** to the extent that it seeks an extension "to the date set for dispositive motions in Case No. 04-C-1062." If defendants wish to file a response to plaintiffs' motion for summary judgment, they must do so within 14 days of the date of this decision and order.

Dated at Milwaukee, Wisconsin, this 28 day of October, 2006.

/s_____
LYNN ADELMAN
District Judge