# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAHMAN S. ABDULLAH,
JUAN M. PEREZ and SEAN TATE,
        Plaintiffs,

v.                                                                          Case No. 04C1181

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
        Defendants.

## MEMORANDUM AND ORDER

On December 10, 2004, plaintiffs Rahman S. Abdullah, Juan M. Perez, and Sean Tate, all Wisconsin state prisoners, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of November 2, 2005, I screened plaintiffs' second amended complaint (the operative complaint) and granted their petitions for leave to proceed in forma pauperis in connection with their claims under the free exercise clause of the First Amendment, the equal protection clause of the Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

By order of February 20, 2007, I denied the plaintiffs' motion for summary judgment. There are two motions presently before the court – plaintiffs' motion for reconsideration of my February 20 decision and plaintiffs' motion for appointment of counsel. In addition, although not filed as a formal motion, defendants have requested that the court set a new dispositive motion deadline.

### I. RULE 54(b) MOTION AND MOTION FOR ENLARGEMENT OF TIME

As a preliminary matter, plaintiffs ask the court to "enlarge the time for plaintiffs to file a motion to reconsider or revise its Order and Memorandum, . . . ." Plaintiffs' request for an

enlargement of time was unnecessary. Plaintiff's seek revision of the court's February 20, 2007, order under Rule 54(b), Federal Rules of Civil Procedure, which permits revision of any non-final order "any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Because a final judgment has not been entered in this case, plaintiff's motion under Rule 54(b) was timely filed. Therefore, plaintiffs' motion for enlargement of time will be denied as moot.

While it is true that Rule 54(b), Federal Rules of Civil Procedure permits any non-final decision or order to be subject to revision at any time before the entry of judgment, such revisions are discouraged. Further, motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co., 827 F.2d at 251. Compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)). "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill.1996).

The plaintiffs find fault with my determination that summary judgment was not warranted on their Free Exercise and RLUIPA claims because genuine issues of material fact exist on the issue of whether they were substantially burdened in the practice of

2

religion.[1] Specifically, plaintiffs argue that the court erred in evaluating their RLUIPA claim by (1) applying the wrong definition of "substantial burden," and (2) relying on the affidavit of defendant Beyah in determining that a genuine issue of material fact existed.

Plaintiffs have not shown that they are entitled to the exceptional relief offered by Rule 54(b). The definition of substantial burden used by this court was the one set forth by the Court of Appeals for the Seventh Circuit in Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir.2003) (defining substantial burden as "[a burden] that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable"). Plaintiffs argue that the court should have used the definition of substantial burden set forth by the United States Supreme Court in Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981) and Sherbert v. Verner, 374 U.S. 398, 404 (1963). This contention is without merit, as Civil Liberties derived its definition of substantial burden from Thomas and Sherbert. Civil Liberties for Urban Believers, 342 F.3d at 761.

In addition, plaintiffs have not established that my reliance on the affidavit of defendant Beyah was clearly erroneous. The issue of whether government action or regulation imposes a substantial burden on an adherent's religious exercise requires a case-by-case, fact-specific inquiry. See Baranowski v. Hart, ___ F.3d ___, 2007 WL 1306851 (5th Cir. May 4, 2007). Thus, the court is entitled to consider any properly submitted evidence that goes to this issue. Beyah's affidavit countered plaintiffs' own assertions that

---

[1] Plaintiffs do not seek reconsideration of my determination that genuine issues of material fact preclude summary judgment on their equal protection claim.

3

the religious practices at issue were substantially burdened by the defendants conduct and therefore, the testimony was relevant.

As such, plaintiffs' motion for reconsideration will be denied.

## II. PLAINTIFFS' SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs ask the court to appoint counsel in this case because "the issues are complex, two of the plaintiffs have limited access to the law library . . . [and] [t]he plaintiffs are not competent to represent themselves in such a complex case involving conflicting and expert testimony. (Pls.' 2d Mot. for Appointment of Counsel at 2.)

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)) an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. This court appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987). A party seeking appointment of counsel has a threshold burden of showing that he has made a reasonable attempt to secure private counsel. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case him or herself and,

4

if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

A review of plaintiffs submissions shows that plaintiffs' efforts to obtain counsel on their own have been unsuccessful. See Declaration of Juan M. Pérez (Docket #146). Further, the deadlines for the completion of discovery and the filing of dispositive motions have passed and the case is now ready for trial. For these reasons, I will grant plaintiffs' second motion for the appointment of counsel. I will appoint Attorneys William H. Levit, Jr. and Anthony J. Gaughan jointly to represent plaintiffs Rahman Abdullah and Juan Pérez. I will appoint a separate attorney – Attorney Anne Maher – to represent plaintiff Sean Tate, given that his claims differ from those of Abdullah and Perez.

### III. DEFENDANTS' REQUEST TO AMEND THE SCHEDULING ORDER

In their response to plaintiffs' motion for reconsideration, defendants have asked the court to amend the scheduling order in this case by setting a new dispositive motion deadline. Although they did not file their own motion for summary judgment prior to the existing dispositive motion deadline, defendants assert that "it appears that all parties continue to believe that many, if not all, of the issues in this case can be resolved on summary judgment." (Defs.' Brief in Resp. at 4.) In addition, defendants maintain that "a second dispositive motion deadline would enable all parties to attempt to narrow the issues that will require trial in this case, which will promote judicial economy and better enable the parties to clearly present any remaining claims and defenses at trial." Id. Plaintiffs oppose the requested modification of the scheduling order.

5

In light of the fact that counsel has been appointed to represent plaintiffs, I believe it is best to deny defendants' request to set a new dispositive motion deadline, without prejudice. If necessary, the request can be renewed after a status conference on the case.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiffs' motion for enlargement of time (Docket # 143) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Reconsideration to Alter Memorandum and Order Pursuant to Fed. Civ. P. Rule 54(b) (Docket #143) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' Second Motion for Appointment of Counsel (Docket #144) is **GRANTED**.

**IT IS FURTHER ORDERED** that Attorneys William H. Levit, Jr. and Anthony J. Gaughan jointly are appointed as counsel for plaintiffs Rahman Abdullah and Juan Pérez and Attorney Anne Maher is appointed as counsel for plaintiff Sean Tate.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on June 4, 2007, at 2:30 .m. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 23 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge