# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JUAN M. PEREZ and**
**SEAN P. TATE,**
       **Plaintiffs,**

**v.**                              **Case No. 04-C-1181**

**MATTHEW J. FRANK, et al.,**
       **Defendants,**

---

## DECISION AND ORDER

Plaintiffs Juan M. Perez and Sean P. Tate are Wisconsin state prisoners and practicing Sunni Muslims who bring this civil rights action pursuant to 42 U.S.C. § 1983. Defendants are various state officials who work within the Wisconsin Department of Corrections ("DOC"). By order of November 2, 2005, the court screened plaintiffs' complaint pursuant to 28 U.S.C. §1915A and granted their petitions for leave to proceed in forma pauperis on claims under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. Plaintiffs seek to compel defendants to accommodate their religious beliefs by allowing them to possess certain items of religious property. In addition, Tate seeks a religious diet and an alternative to a test for tuberculosis that contains pork. The present order addresses Tate's request for damages.

On March 9, 2009, I issued a decision and order dealing with the parties' cross-motions for summary judgment. I found that plaintiffs' claims for declaratory and injunctive relief could proceed to trial. Before the summary judgment motions were fully briefed,

however, plaintiff Tate, who is represented by counsel, filed a pro se objection to his lawyer's statement that he was not seeking damages. Tate stated that he was, in fact, seeking nominal and punitive damages. After Tate filed this objection, his counsel moved to withdraw, stating that she and Tate had reached an impasse regarding the damages issue. Defendants did not meaningfully respond to Tate's pro se objection or his arguments concerning the availability of damages.

In my summary judgment decision, I determined that the state of the record did not allow me to rule on the legal issues surrounding Tate's claim for damages. However, I surveyed the record and noted that, as it stood, the most Tate could recover at trial would be one dollar in nominal damages. No evidence in the record supported Tate's demand for punitive damages. I therefore deferred ruling on defendants' motion for summary judgment as it pertained to Tate's damages claim and scheduled a status conference involving all counsel and Tate personally. The purpose of the conference was to determine whether Tate still intended to pursue his claim for damages. I suspected that Tate might prefer to withdraw his damages claim and proceed directly to trial on his claims for injunctive relief, rather than have the trial delayed (possibly for a long time, because of the availability of an interlocutory appeal relating to qualified immunity) for the sake of a damages claim that would likely yield no more than one dollar. If at the conference Tate stated that he wanted to proceed with his damages claim, I would have resolved Tate's counsel's motion to withdraw and set a briefing schedule regarding the availability of damages and qualified immunity.

At the status conference, Tate initially indicated that he wanted to proceed with his damages claim, arguing that further discovery would support his claim for punitive

damages. After I informed plaintiff that discovery was closed and would not be reopened, Tate appeared to change his mind, and he then stated that he was withdrawing his claim for nominal and punitive damages. Based on this waiver, I found that his counsel's motion to withdraw was moot and scheduled the case for trial.

A few days later, however, Tate filed a pro se document captioned as a request to reconsider his claim for nominal and punitive damages. In the document, Tate acknowledges having been present at the status conference but does not acknowledge that at the conference he voluntarily withdrew his damages claim. Tate then proceeds to argue that he is entitled to nominal and punitive damages. In response to this filing, Tate's counsel renewed her motion to withdraw. Defendants have indicated that they will not be responding to Tate's filing on the ground that he has already withdrawn his damages claim.

I find that Tate has waived his damages claim, and therefore his motion for reconsideration will be denied. Waiver is the intentional relinquishment of a known right. See, e.g., United States v. Farmer, 543 F.3d 363, 371 (7th Cir. 2008); United States v. Richardson, 238 F.3d 837, 841 (7th Cir. 2001). In the present case, I notified plaintiff that he would be permitted to pursue his damages claim if he so desired (although I would not reopen discovery) and held a status conference for the sole purpose of determining whether he wanted to pursue that claim or proceed immediately to trial. At the conference, after I informed plaintiff that I would not reopen discovery, plaintiff unequivocally stated that he was withdrawing his claim for nominal and punitive damages. Therefore, plaintiff has waived the claim.

On April 8, 2009, Tate's counsel filed a letter stating that if the court did not allow Tate to reinstate his damages claim, she would like leave to address whether or not

3

plaintiffs are entitled to a jury trial.  Based on this request, I will allow plaintiffs to file a brief concerning their right to a jury trial, and defendants will be given an opportunity to respond.

**CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Tate's motion for reconsideration is **DENIED**. The court finds that Tate has waived his claim for damages.

**IT IS FURTHER ORDERED** that counsel's renewed motion to withdraw is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that plaintiffs shall file a brief regarding their right to a jury trial on or before **April 23, 2009**.  Defendants may file a response on or before **May 4, 2009**.

Dated at Milwaukee, Wisconsin, this 13 day of April, 2009.

/s_____
LYNN ADELMAN
District Judge

4